CINCINNATI & WOOSTER TURNPIKE CO. v. CINCINNATI (CITY).

1. EVIDENCE—OFFICERS OF CORPORATIONS—CONVERSATIONS.

Conversations between the president of a turnpike company and city officers with reference to the sale to a street railway company of that part of the pike lying within the city limits, are not competent as evidence of value in a subsequent suit to recover damages from the city for that part of the pike subsequently appropriated by the city.

2. NO QUESTION OF ESTOPPEL ARISES THEREFROM.

No question of estoppel can arise, for whatever was said was not said to the officers of the city as a party to any contemplated control between the city and the turnpike company, and the city took no action relying on the truth of such statements, nor can it be said that such company in any way intended to bind itself to the city.

3. THIRD PARTIES CANNOT TAKE ADVANTAGE.

Corporations are frequently bound by the declarations and contracts of their officers, whether such declarations or contracts were authorized by the corporations or not, but they are only binding between the parties themselves. Strangers or third parties cannot take advantage thereof, to the prejudice of the corporations.

ERROR to the Court of Common Pleas of Hamilton county.

SWING, J.

We are of the opinion that there is error in the judgment of the court of common pleas in this cause prejudicial to the plaintiff in error in this, to-wit:

The court of common pleas permitted August Herrmann and Frederick Hertenstein to testify as to conversations with Mr. Compton, the president of said company, at a time when negotiations were had in regard to the purchase of two miles of said road by the Cincinnati Street Railway Company; a portion of which road, which includes the portion now in controversy, was to be purchased by said street railway company, and by said company dedicated to the city in consideration of certain rights to be granted by said city to said street railway company. Mr. Herrmann and Mr. Hertenstein were officers of the city at that time, and as such were interested in the said negotiations, not as parties to the agreement between the street railway company and the turnpike company, for it was really no concern of the city what the street rail-

Turnpike Co. v. Cincinnati.

way company paid the turnpike company for the portion of the road to be purchased and dedicated to the city; the only interest the city had was to procure the portion of the road for the city without any cost to the city, and this the city succeeded in accomplishing.

We cannot see upon what principle of law these conversations can be used against the company in an action between the city and said company.

No question of estoppel can arise, for whatever was said was not said to the officers of the city as a party to any contemplated control between the city and said company, and the city took no action relying on the truth of said statements, and it cannot be said that the company in any way intended to bind itself to the city, for it was not in contemplation that it was going to receive anything from the city.

It is undoubtedly true that corporations are frequently bound by the declarations and contracts of their officers, whether, in fact, the declarations and contracts made were authorized by the corporations or not, but such contracts and declarations are only binding between the parties themselves. Strangers or third parties cannot take advantage of said declarations and contracts to the prejudice of the corporations.

There is nothing shown in this case that proves that Mr. Compton was authorized to make these declarations. He may or not have been so authorized, and whether the probabilities are that he was or not is of no consequence, for it is the company's declarations and not Compton's that might be competent. What the company did may be shown, but what Compton said to persons not contracting with the company can not bind the company, for his conversations which may bind the company must necessarily be in regard to the transaction of the business of the company, and it certainly can be no part of the business of the company to have its president engage in idle conversations; and conversations had by a president of a corporation with persons not engaged in the business of the company must be idle conversations because not pertaining to the business of the company. For this reason said judgment is reversed and the cause remanded for further proceedings.

*Theodore Horstman*, for plaintiff in error.
*Wade Ellis* and *J. V. Campbell*, contra.